Filed 4/10/25  P. v. Cantu CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DAMIAN CANTU,<br><br>　　　Defendant and Appellant. | B336138<br><br>(Los Angeles County<br>Super. Ct. No. PA058030) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Damian Cantu, in pro. per.; Gabriel Silvers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Damian Cantu appeals from a resentencing order under Penal Code section 1172.75.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Cantu filed a supplemental brief.

This case arises from a 2006 assault on Candelerio Martinez, an inmate at the Pitchess Detention Center.  (*People v. Tejada, et al.* (Nov. 15, 2010, B215664) [nonpub. opn.].)  Martinez and his fellow inmate Cantu were housed in a dorm in which Southern California Hispanic gang members were segregated.  Cantu was a shot-caller in the dorm.  When Martinez was found with items stolen from another inmate, Cantu ordered Martinez to be disciplined.  Accordingly, a small group of men that included codefendant Randy Tejada beat Martinez.

In December 2008, a jury found Cantu guilty of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1); count 2), battery (§ 243, subd. (d); count 3), aggravated mayhem (§ 205; count 4), and mayhem (§ 203; count 5).  The jury found gang allegations true as to all counts (§ 186.22, subd. (b)(1)).  However, the jury acquitted Cantu of attempted murder (§§ 664, 187, subd. (a); count 1).  Thereafter, at a bench trial, the trial court found that Cantu had four prior convictions within the meaning of section 667.5, subdivision (b).

In 2009, a court sentenced Cantu, on count 4, to life with a 15-year minimum term of parole eligibility and imposed four 1-year terms under section 667.5, subdivision (b).  On counts 2, 3, and 5, the court sentenced Cantu to the upper terms but stayed those sentences under section 654.

---

[1]     All further undesignated statutory references are to the Penal Code.

A different panel of this division affirmed as modified Cantu's judgment on direct appeal in *People v. Tejada*, *supra*, B215664. The appellate court reversed the convictions for counts 3 and 5.

In 2023, Cantu filed a motion for resentencing under sections 1172.7 and 1172.75. On December 12, 2023, the trial court held a resentencing hearing. The trial court struck the four 1-year priors and the gang allegations, reimposed the upper term of four years on count 2, and stayed the sentence on count 2.[2] Because it struck the gang allegation, the trial court resentenced Cantu on count 4 to life with a seven-year minimum term of parole eligibility. The trial court also denied Cantu's request for a new trial, finding that the admission of gang evidence at trial did not prejudice him.

This appeal followed. Cantu's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216.

Cantu submitted a supplemental brief in which he repeats some arguments made below and rejected by the trial court. Cantu also raises issues that appear to concern alleged trial error; namely, his accomplice's mother should not have been allowed to testify, the victim did not receive appropriate medical care, and his attorney provided ineffective assistance of counsel. However, those issues should have been raised on direct appeal,

---

[2] In a nunc pro tunc order, the trial court clarified that the sentences on counts 2, 3, and 5 were stayed. However, the appellate court had earlier reversed the convictions on counts 3 and 5, and therefore they were no longer at issue at the resentencing hearing.

and they are not properly before us.  (See *People v. Burns* (2023) 95 Cal.App.5th 862, 865 [§ 1172.6 cannot be used to resurrect challenges that should have been raised in direct appeal from conviction].)  Finally, Cantu refers to being eligible for "postsentence credit."  The trial court, however, stated that the Department of Corrections and Rehabilitation would calculate "all custody credits in this case."

## DISPOSITION

The resentencing order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.                              ADAMS, J.

4